HECKER *against* JARRETT.

*Saturday,*
*June 25.*

The penalty for recommitting a person who has been once delivered for the same cause on a habeas corpus, is limited to recommitments for the same *criminal offence*, and is not incurred by taking the party a second time in custody upon civil process.

THIS was an action of debt, to recover the penalty of 500*l.* imposed by the *habeas corpus* act upon any one who shall, without the order and process of a court having jurisdiction of the cause, knowingly recommit or imprison a person for the same offence or supposed offence for which he has been once delivered on a *habeas corpus.*

The declaration stated that the plaintiff was arrested by virtue of an execution issued by the Common Pleas of *Northampton* county, and directed to the defendant who was the sheriff of that county; that he was brought by *habeas corpus* before one of the associate judges of the said court, and by the said Judge was discharged from imprisonment; and that the defendant, knowing the same, arrested him and committed him a second time to prison, without any legal order of the Court of Common Pleas of the said county, or any process issuing out of the same, other than the writ of execution aforesaid; by reason whereof action accrued to the plaintiff to demand and have of the defendant five hundred pounds, &c. To this declaration the defendant demurred, and the plaintiff joined in demurrer. (*a*)

*Sitgreaves* in support of the demurrer argued, 1. That the Associate Judge had no authority to discharge the plaintiff

(*a*) This cause was argued and decided at a Circuit Court holden in Northampton by the Chief Justice; but the importance of the decision, from which there has been no appeal, is thought to be a sufficient justification for inserting it.

from civil process, as the fifth section of the *habeas corpus* act explicitly provides that nothing therein shall extend to discharge out of prison any person charged with debt or other action, or with process in any civil cause. 2 *St. Laws* 241. That therefore there was no legal discharge from this execution, and the defendant was justifiable in committing the plaintiff. 2. That the eleventh section, by which the penalty of five hundred pounds is imposed, relates exclusively to commitments and re-commitments for criminal or supposed criminal matter; that the thirteenth section, which is the first that applies to persons restrained of their liberty under other pretences, expressly orders the *habeas corpus* to be *awarded* and *granted* under the penalties before directed, but says nothing about penalties for other infractions of the law; and that the following section then applies to civil cases the same penalty imposed by the ninth section in criminal cases for *disobedience* of the writ, going no further; so that the *partial* repetition in these sections is conclusive to shew that the penalties of the first twelve sections are not extended *generally* to cases within the thirteenth, and that there is no penalty for a recommitment after a discharge from civil process. Restraints for supposed criminal matter are alone deserving of the severe punishment imposed by the eleventh section; as no dangerous attack upon the liberties of the citizen is likely to assume any other form than that of criminal accusation.

*Ewing* for the plaintiff contended 1. That the Judge had a right to discharge from civil execution; that the words of the act are sufficiently comprehensive for this purpose; and that the fifth section applies only to the case of a detainment at the same time for both civil and criminal matter, and was intended to prevent a discharge from the latter, from operating constructively as a discharge from both. 2. That the thirteenth section in the outset extends to civil cases all the penalties of the preceding sections, by extending the provisions of the act for *proceeding* on the *habeas corpus*, as well as for awarding and granting it; and the repetition of certain of the penalties, though it may be intended to enforce more explicitly the previous provisions, cannot, as there are no negative words, take away the evident effect of the affirmative clause. The reason for

1808.

HECKER
*v.*
JARRETT.

applying all the penalties, is as complete as that for applying any one of them.

TILGHMAN C. J. The *habeas corpus* act contains distinct provisions for the relief of persons imprisoned for criminal and for civil matters. The first twelve sections relate to criminal matters. The eighth section imposes a penalty of 300*l.* on any judge or justice who shall refuse or neglect to *award* any writ of *habeas corpus* required to be granted by the act. The ninth section imposes on officers, sheriffs, gaolers &c. to whom writs of *habeas corpus* shall be directed, and who shall refuse or neglect to *make return* or to bring the body of the prisoner according to the command of the writ, a forfeiture to the party grieved of 100*l.* for the first offence, and for the second 200*l.* and also an incapacity on the officer to hold his office. The tenth section imposes the like forfeiture and incapacity on officers refusing to deliver, upon demand, *a copy of the warrant* of commitment and detainer of any prisoner. The eleventh section enacts that no person who shall be delivered on any *habeas corpus*, shall be again committed or imprisoned for the *same offence* by any person whatever, other than by the legal order and process of such court wherein he is bound by recognisance to appear, or other court having jurisdiction of the cause; and that any person, who shall knowingly recommit or imprison such person for the same offence or supposed offence, shall forfeit to the party grieved five hundred pounds.

It is very clear that this eleventh section relates solely to the cases of persons confined for criminal or supposed criminal matter; because it makes no mention of any persons but those who are committed for *offences*.

The thirteenth section extends " all the provisions before " made for the awarding and granting writs of *habeas corpus* " and *proceeding thereon*, in case of commitment or detainer " for any criminal or supposed criminal matter, to persons, not " being committed or detained for any criminal or supposed " criminal matter, but confined or restrained of their liberty " under any colour or pretence whatsoever;" and the same section goes on to provide that upon a certain oath being taken, " a *habeas corpus* shall be awarded and granted in the same " manner, and under the same penalties, to be recovered from " the same persons as is herein before directed."

It is contended by the plaintiff, that under the general words of the thirteenth section, all penalties of every kind imposed on any persons in any cases whatever by any of the preceding sections, are extended to civil cases. The most general words in the thirteenth section are those which mention " all provisions " before made for the awarding and granting writs of *habeas* " *corpus*, and *proceeding thereon*." Had the provision respecting civil matters stopt there, there might have been some ground for the argument, that the intent of the law was to extend the same penalties which had been imposed in criminal matters, to all persons and all cases in civil matters. But it is evident that such was not the opinion of the legislature, because in a subsequent part of the same section a *habeas corpus* is ordered to be *awarded* and *granted* in the same manner and under the same penalties, to be recovered from the same persons as is before directed. Now if the first part of the section had been sufficient to extend all penalties in all cases, the latter part extending one of the penalties in a particular case, would have been not only unnecessary but improper. But to make the matter still clearer, the fourteenth section goes on to provide particular penalties in other particular civil cases; that is to say, in cases of writs of *habeas corpus* not being returned, or the bodies of prisoners not being produced by the persons to whom the writs are directed; but there is a total omission of any penalty for imprisoning a person a second time for the same cause for which he had been before imprisoned and discharged.

If it is asked why a penalty should not be inflicted upon a second imprisonment in a civil as well as in a criminal case, it is sufficient to answer, that the case being omitted, the penalty cannot be inflicted, even supposing that such omission was by accident, and without reason. But there may have been a very good reason why this penalty was designedly omitted in civil cases. It is this; that the object of the *habeas corpus* act was to protect the liberty of individual citizens; and the danger of oppression is not so great in civil matters, as in case of crimes or supposed crimes. Governments often magnify real crimes, and sometimes impute offences falsely to innocent persons, for the purpose of oppression. From this quarter has generally arisen the danger to liberty; and this might have induced the legislature of *Pennsylvania* to omit the penalty in civil cases. Be that as it may, as they have omitted

1808.    it, and as it is a well established rule of construction that penal-

HECKER   ties are not to be imposed without express words, or necessary

*v.*      implication, I am of opinion that the plaintiff is not entitled to

JARRETT. recover the penalty of 500*l*, upon the case stated in his decla-
ration. Judgment must be entered for the defendant.

Judgment for defendant.